# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **THOMAS EDWARD NESBITT,** | ) | 8:13CV75 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ROBERT HOUSTON, Director NDCS,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Respondent's Motion to Dismiss. (Filing No. 8.) Also pending are several Motions filed by Petitioner Thomas Nesbitt ("Nesbitt"). (Filing Nos. 7, 10, 11, and 13.) As set forth below, Nesbitt's pending Motions are denied, Respondent's Motion to Dismiss is granted, and Nesbitt's Petition for Writ of Habeas Corpus ("Petition") is dismissed without prejudice.

## I. MOTION FOR RECUSAL

Before the court addresses Respondent's Motion to Dismiss it will rule on Nesbitt's Motion for Recusal. (Filing No. 7.) In this Motion, Nesbitt argues that the undersigned should recuse herself from this matter because she was formerly employed by the Nebraska Attorney General's Office when his "state appeal" was pending. (Id.) Nesbitt believes this creates a conflict of interest in this case. (Id.)

The court has carefully reviewed Nesbitt's Motion for Recusal. In accordance with 28 U.S.C. § 455(a), the court finds that there is nothing indicating that the undersigned judge's "impartiality might reasonably be questioned" or that there is any other basis for

recusal or reassignment in this matter. Accordingly, Nesbitt's Motion for Recusal (filing no. 7) is denied.

## II. MOTION TO DISMISS

**A.     Background**

Nesbitt is serving a life sentence for first-degree murder, and is in the custody of the Nebraska Department of Correctional Services. *Nesbitt v. Hopkins*, 907 F. Supp. 1317, 1320 (D. Neb. 1995). (*See also* Docket Sheet.) Nesbitt's current Petition is his third request for a writ of habeas corpus relating to his first-degree murder conviction. (*See* Case No. 4:91CV3364 and Case No. 4:10CV3099.) Nesbitt filed his first petition on December 4, 1991. (Case No. 4:91CV3364, Filing No. 1.) The court dismissed his first petition on March 1, 1995. *Nesbitt*, 907 F. Supp. at 1320. (*See also* Case No. 4:91CV3364, Filing Nos. 115 and 116.)

On May 25, 2010, Nesbitt filed his second petition. (Case No. 4:10CV3099, Filing No. 1.) In his second petition, Nesbitt asserted a double jeopardy claim similar to a double jeopardy claim he asserted in his first petition. (*Compare* Case No. 4:10CV3099, Filing No. 6 *with* Case No. 4:91CV3364.) *See also Nesbitt*, 907 F. Supp. at 1320. The court also liberally construed his second petition to assert four new claims. (Case No. 4:10CV3099, Filing Nos. 6 and 24.) On September 2, 2013, the court dismissed Nesbitt's second petition as successive. (Case No. 4:10CV3099, Filing No. 24.)

On March 5, 2013, Nesbitt filed his third and currently pending Petition. (Filing No. 1.) In his Petition, Nesbitt asserts ineffective assistance of counsel and due process claims stemming from his first-degree murder trial and appeal. (*Id*.)

On June 19, 2013, Respondent filed a Motion to Dismiss arguing that the Petition should be dismissed because Nesbitt failed to seek the Eighth Circuit's permission to file it. (*See* Filing No. 8 and 9.) Nesbitt has filed Brief in Opposition to the Motion to Dismiss. (Filing No. 12.)

**B.    Analysis**

Rule 9 governing Section 2254 cases provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.* Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin,* 518 U.S. 651, 657 . . . (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30

3

> days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

Stewart v. Martinez- Villareal, 523 U.S. 637, 641 (1998).

In order for a petition to be considered "successive," it must "contest[] the same custody imposed by the same judgment of a state court." Burton v. Stewart, 549 U.S. 147 (2007). If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place" and the district court must dismiss the petition. Id. However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003); see also Stewart, 523 U.S. at 641. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. See Vancleave v. Norris, 150 F.3d 926, 929 (8th Cir. 1998).

The court has carefully reviewed the record in this matter and in Nesbitt's previously filed habeas corpus proceedings. Nesbitt's current Petition clearly challenges his first-degree murder conviction. (See Filing No. 1 at CM/ECF pp. 1, 46.) When liberally construed, Nesbitt's Petition asserts new claims not previously raised in his prior habeas proceedings. However, Nesbitt does not assert claims that rely on a new rule of constitutional law, nor does he raise new facts that would establish his innocence of first-degree murder. Thus, the Petition is "successive." Because Nesbitt does not assert, nor

4

does the record show, that he sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this successive Petition, it must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling of his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, Nesbitt has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

### IV. REMAINING MOTIONS

Also pending are Nesbitt's Motion for Hearing (filing no. 10), Motion for Records (filing no. 11), and Motion for Copies (filing no. 13). With regard to his Motion for Copies, Nesbitt does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. 28 U.S.C. § 1915; *see also* Haymes v. Smith, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is

that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If Nesbitt seeks copies of documents filed with the court he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Moreover, in light of the findings above, Nesbitt's Motion for Hearing and Motion for Records are moot. Accordingly

    IT IS ORDERED:

1. Nesbitt's Motion for Recusal (filing no. 7) is denied.

2. Respondent's Motion to Dismiss (filing no. 8) is granted.

3. Nesbitt's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed without prejudice to the reassertion of a subsequent petition upon authorization by the Eighth Circuit Court of Appeals.

4. The court will not issue a certificate of appealability in this matter.

5. Nesbitt's Motion for Hearing (filing no. 10), Motion for Records (filing no. 11), and Motion for Copies (filing no. 13) are denied.

6. A separate judgment will be entered in accordance with this memorandum and order.

DATED this 31st day of October, 2013.

              BY THE COURT:

              S/Laurie Smith Camp
              Chief United States District Judge

---

 *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.